State v. Edins, 25 N. M. 680.

(No. 2421.   Feb. 2, 1920.)
## STATE v. EDINS et al.

### SYLLABUS BY THE COURT

The production in evidence before a jury of an admission
outside of court, by counsel for defendants, that in his opinion,
unless a certain fact could be shown, his clients would be
convicted, was inadmissable and highly prejudicial and re-
quires a reversal.

Appeal from District Court, Chaves County; S. G.
Bratton, Judge.

Steve Edins and Aubrey Calley were convicted of vol-
untary manslaughter, and they appeal. Reversed and
remanded, with directions to award a new trial.

E. P. BUJAC, of Carlsbad, J. C. GILBERT, of Roswell,
and JOHN B. HOWARD, for appellants.

O. O. ASKREN, Atty. Gen., and N. D. MEYER, Asst.
Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, C. J. The defendants were indicted for
murder and convicted of columtary manslaughter. It
appears that defendants went to the home of the de-
ceased, and the defendant Edins announced to the de-
ceased that he should consider himself under arrest; this
defendant claiming that the deceased had robbed his
house of certain articles of merchandise, some of which
were found upon the premises of the deceased. The de-
ceased submitted to the arrest, and the defendant Edins
told his codefendant, Aubrey Calley, to take charge of
the prisoner while he (Edins) searched the premises.
Thereupon the deceased refused to allow the search and
started toward the door of his tent, when the defendant
Calley approached him and forbade his entering into his
tent. Thereupon the shooting commenced, and in the
controversy the deceased was killed by the defendant

Calley. It appears from the testimony that the defen- dants had no authority to either arrest the deceased or to search his premises; they never having been deputized or authorized by the sheriff to exercise the functions of a peace officer. During the examination of one J. N. Hewitt, sheriff of Eddy county, the following occurred:

"Q. Isn't it a fact, in the Gilder Hotel, night before last, Major Bujac came to you with tears in his eyes and told you unless you would swear that you gave this defendant, Steve Edins, a commission, that they were a bunch of blowed-up suckers?" (This question was not answered.)

"Q. You didn't give him a deputy sheriff's commission at any time? A. No, sir.

"Q. And he was trying to get you to swear something that was not true? A. Yes, sir."

Upon redirect examination the following occurred:

"Q. Did I ask you if the facts were that you had deputized Steve, and you said that you had not? My question was, 'Mr. Hewitt, did you deputize Steve Edins?' and you said you did not, and I said, 'Then you can't swear that?'" (An objection to this question was sustained.)

"Q. Did I tell you all I wanted was whatever the truth would be in the case, and if he was not deputized, why he was not deputized? A. Yes, sir.

"Q. Then I did not ask you to swear a lie, did I? A. You asked me if I could swear that I had deputized Steve Edins.

"Q. And you said you could not, and I bid you good night? A. Yes, sir.

"Q. And that was all there was to it? A. Yes; that is a fact; yes, sir."

Upon recross-examination by the district attorney the following occurred:

"Q. He said if you didn't do it they were a bunch of blowed-up suckers?"

Proper exceptions to this question were preserved, but the court overruled the objection. Then the examina- tion proceeded:

"Q. Did he, Mr. Hewitt? A. Yes, sir."

Counsel for appellant strenuously urge that this testimony was inadmissible and highly prejudicial to the defendants. In this contention they are evidently correct. The statement attributed to Major Bujac, of counsel for defendants, if true, was made by him without the presence of the defendants, and so far as the record discloses, without their knowledge or consent. Statements by counsel, without the knowledge or authority of his client, in expressing an opinion as to the propects of acquittal or a conviction of his client, are no more admissible in a court of justice before a jury than would the same statements be if made by a stranger.

. That the evidence was highly prejudicial to the defendants is apparent. The production before the jury of such an admission by counsel absolutely closed the door between him and the jury, so that he must have been unable to argue to them the innocence of the defendants from any standpoint whatever.

Other errors are assigned, but they are of such a character that they will probably not occur at a retrial of the case.

For the reasons stated, the judgment of the trial court should be reversed, and the cause remanded, with directions to award a new trial; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.